IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Roadway Services, Inc. f/k/a               Case No. 3:05CV7159
Seaway Sand & Stone, Inc.,

       Plaintiff,

      v.                                            ORDER

Michael L. Sponsler, Chief,
Division of Mineral Resources Management,
et al.
       Defendants.

This is an action brought pursuant to 42 U.S.C. § 1983. Plaintiff is a corporation in the business of operating a quarry. Defendants are Michael Sponsler, Chief of the Ohio Division of Mineral Resources Management of the Department of Natural Resources (DNR), and Samuel Speck, Director of DNR.

Pending are defendants' motions for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted or, in the alternative, to abstain from exercising jurisdiction. For the reasons that follow, I will not rule on the merits of plaintiff's claims. However, defendants' motion to dismiss on abstention grounds shall be granted.

**Background**

Plaintiff operated the quarry in question from October 31, 1997, until December, 2002. Plaintiff

operated this quarry pursuant to State of Ohio permit IM-0492, issued by DNR pursuant to O.R.C. § 1514.02. In operating the quarry, plaintiff "dewatered" the quarry.[1]

An adjacent property owner, Robert Myers, complained to DNR on December 12, 2003, that his well had gone dry in October, 1999. Plaintiff claims that DNR told Myers to submit a complaint to it. He subsequently did so.

DNR conducted an investigation and concluded that the plaintiff's dewatering operations had caused Myers's well to go dry. DNR, through Division Chief Sponsler, ordered plaintiff to replace Myers's well.

Plaintiff refused to replace Myers's well. It appealed this order administratively to the Reclamation Board of Review. Thereafter, if plaintiff were to desire to do, it can appeal any action by the Board to the Court of Common Pleas in Franklin County or the county where the "operation is located." O.R.C. § 1514.09.

On appeal under § 1514.09, the Court of Common Pleas would review the Board's decision to see if it was "arbitrary, capricious, or otherwise inconsistent with the law." *Quality Ready Mix, Inc. v. Mamone*, 35 Ohio St. 3d 224, 227 (1988) (determining that O.R.C. § 1513.14 governed the standard of review for § 1514.09 appeals). *See also* O.R.C. § 1513.14 ("The court shall affirm the decision of the commission unless the court determines that it is arbitrary, capricious, or otherwise inconsistent with law, in which case the court shall vacate the decision and remand to the commission for such further proceedings

---

[1] "Dewatered" is a term of art in mining which means that Roadway pumped groundwater out of the quarry.

2

as it may direct."). Thus, the Court of Common Pleas must determine "whether the board decision was lawful." *Quality Ready Mix*, 35 Ohio St. 3d at 227.

While the Court of Common Pleas must determine if the decision was lawful, it is limited to reviewing the record as presented to the Board. *See* O.R.C. § 1513.14. Therefore, to preserve a constitutional question for appeal to the Court of Common Pleas,[2] the plaintiff would have to assert such in the administrative proceeding. *Dressler Coal Co. v. Division of Reclamation*, 1987 WL 11003, *1 (Ohio App. May 1, 1987).

Plaintiff claims that the DNR order to replace Myers's well: 1) violates due process, in that it exceeds the authority of the DNR Chief; 2) violates due process, as it constitutes unlawful exercise of judicial or quasi-judicial power; 3) denies due process and equal protection, by depriving it of its right to a jury trial; and 4) denies due process and equal protection under the reasonable use doctrine, as codified at O.R.C. § 1521.17.

All plaintiff's claims raise, at least initially, issues of state law — i.e. whether the DNR could lawfully issue such an order under Ohio law. Plaintiff's federal claims, essentially, are that its property interests have been affected adversely and unconstitutionally by the DNR order.

## Discussion

*Burford* abstention, announced in *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943), allows a federal District Court to abstain from exercising jurisdiction when a state's statutory scheme provides adequate judicial review of state agency decisions because "a sound respect for the independence of state action

---

[2] However, as discussed *infra*, plaintiff may raise a facial challenge to the statute at any judicial stage in Ohio.

requires the federal equity court to stay its hand." *Id*. at 334. *Burford* abstention is "concerned with potential disruption of a state administrative scheme." *AmSouth Bank v. Dale*, 386 F.3d 763, 784 (6th Cir. 2004). The existence of an administrative scheme is not enough to abstain under *Burford*, the administrative scheme must be disrupted. *Id*.

As long as "timely and adequate state-court review is available" of the state administrative decision, *Habich v. City of Dearborn*, 331 F.3d 524, 532 (6th Cir. 2003) (quotation omitted), federal courts should abstain under *Burford* when:

> '(1) when there are difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar; or (2) where the exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern.'

*Ellis v. Gallatin Steel Co.*, 390 F.3d 461, 480 (6th Cir. 2004) (quoting *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 361 (1989) (quotations omitted)).

If state procedures are followed, the "ultimate review of the federal question[]" will be preserved for federal court review. *Burford*, 319 U.S. at 334.

As discussed *supra*, timely judicial review is provided by statute of the administrative review.

Citing *Mobil Oil Corp. v. City of Rocky River*, 38 Ohio St. 2d 23, 26 (1974), plaintiff contends that state judicial review is not adequate. Plaintiff makes much of the fact that constitutional issues cannot be administratively determined in Ohio,. However, there is a difference between an administrative agency determining a constitutional issue, which is not allowed, and a party preserving a constitutional issue for appeal in an administrative setting, which is allowed. *75 Public Square v. Cuyahoga County Bd. of Revision*, 76 Ohio App. 3d 340, 345 (1991). In fact, while the administrative agency may not make constitutional determinations, a party wishing to preserve constitutional issues must raise the issue in the

4

administrative appeal and the agency must take evidence regarding the constitutional issues, even though final determination of the constitutionality must be left to a court. *Id*. Further, a party wishing to raise a facial constitutional challenge — as opposed to an "as applied" challenge — to a statue may do so at the appellate stages, even if the party did not raise the issue at the administrative level. *Id*. at 346.

It is undisputed that plaintiff raised the constitutional issues at the administrative level and that the state court system in Ohio can make constitutional determinations. Therefore, judicial review of the administrative proceedings is adequate. *See*, *e.g.*, *Coalition for Health Concern v. LWD, Inc.*, 60 F.3d 1188, 1189–90 (6th Cir. 1995) (in case similar to case at bar, similar state administrative scheme with similar judicial review provisions, requires court to abstain under *Burford*).

The only issues in this case concern application of state law; the crux of plaintiff's complaint is whether DNR has the authority under O.R.C. § 1514.09 to order plaintiff to replace Myers's wells.

Plaintiff, as a State of Ohio permit holder, is a player, as are other permit holders, in the State's administrative scheme as applied to mining. The state has an administrative review policy that would be disrupted if I did not abstain; without abstention, parties could by-pass administrative and subsequent state-court review in favor of pursuit of ostensibly state-law claims in federal court. Not abstaining in this case would disrupt Ohio's attempts to establish a coherent policy as to the power of DNR with respect to the substantial public concern — mining.

Only after Ohio courts have had the opportunity to interpret Ohio law would the plaintiff be in a position to claim that such interpretation — and consequent enforcement — contravened the Federal Constitution. Therefore, *Burford* abstention is appropriately exercised in this case.

## Conclusion

In light of the foregoing, it is

ORDERED THAT

1) Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) be, and the same hereby is, denied as moot;

2) Defendant's motion to dismiss on abstention grounds be, and the same hereby is, granted without prejudice.

So ordered.

/s/ James G. Carr
James G. Carr
Chief Judge